United States Court of Appeals,

Eleventh Circuit.

No. 97-3576

Non-Argument Calendar.

UNITED STATES of America, Plaintiff-Appellee,

v.

Marlon D. HANNA, a.k.a. Pearl, Defendant-Appellant.

Sept. 10, 1998.

Appeal from the United States District Court for the Northern District of Florida. (No. 5:97-CR-LAC), Lacey A. Collier, Judge.

Before TJOFLAT and EDMONDSON, Circuit Judges, and FAY, Senior Circuit Judge.

PER CURIAM:

Marlon Hanna pled guilty to one count of conspiring to possess with intent to distribute cocaine base, better known as "crack cocaine," in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii). In accordance with United States Sentencing Commission Guideline § 2D1.1(c)(1), the district court sentenced Hanna to serve 330 months in prison. Hanna filed this appeal challenging the constitutionality of his sentence.

Hanna raises two arguments against the constitutionality of his 330 month sentence. First, he argues that his substantive due process rights were violated when the district court sentenced him using the guideline applicable to crack cocaine because the resulting sentence was both excessive and disproportionate to his crime. Second, Hanna argues that the application of the crack cocaine sentencing guideline denied him his right to equal protection because the consequence of that guideline—100 times longer sentences for crack cocaine offenses than for powder cocaine offenses—falls disproportionately upon black offenders.

We have had occasion to hear and reject constitutional challenges to the crack cocaine guideline in the past. *See, e.g., United States v. Butler,* 102 F.3d 1191, 1194-95 (11th Cir.), *cert. denied,* --- U.S. ----, 117 S.Ct. 1712, 137 L.Ed.2d 836 (1997); *United States v. Sloan,* 97 F.3d 1378, 1383-84 (11th Cir.1996), *cert. denied,* --- U.S. ----, 117 S.Ct. 2459, 138 L.Ed.2d 216 (1997); *United States v. Terry,* 60 F.3d 1541, 1544-45 (11th Cir.1995), *cert. denied,* 516 U.S. 1060, 116 S.Ct. 737, 133 L.Ed.2d 687 (1996). In this circuit, only the court of appeals sitting *en banc,* an overriding United States Supreme Court decision, or a change in the statutory law can overrule a previous panel decision. *See United States v. Woodard,* 938 F.2d 1255, 1258 (11th Cir.1991); *Davis v. Estelle,* 529 F.2d 437, 441 (5th Cir.1976).

*Due Process Argument*

Hanna contends that we should revisit our decisions upholding the constitutionality of the crack cocaine guideline in light of the Supreme Court's decision in *BMW of North America v. Gore,* 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996). There, the Court reversed an award of punitive damages in a civil action because the award, $4 million, was so excessive as to violate substantive due process. Hanna argues that the *Gore* decision sheds new light on the nature of substantive due process and may have applicability in his case. We, however, continue to be bound by our precedent as *Gore* 's holding does not overrule (or even relate to) our decisions on the crack cocaine guideline.

*Equal Protection Argument*

Hanna argues we should revisit our precedent upholding the crack cocaine guideline because new findings made by the Sentencing Commission and communicated to Congress reveal that no rational basis supports the sentence differential between crack and powder cocaine offenses. In our

previous cases, we have held that imposing longer sentences on crack cocaine offenders is rationally related to the legitimate purpose of distinguishing between distinguishable drugs. *See Terry,* 60 F.3d at 1544-45 ("Congress distinguished between the kinds of cocaine, not to discriminate against people, but because crack cocaine is more dangerous, more highly addictive, more easily available, and less expensive than powder cocaine."). Hanna argues that the recent dialogue between Congress and the Sentencing Commission on repealing the crack/powder disparity is evidence of the absence of a rational basis for the disparity.[1] Similar arguments have been rejected in several of our sister circuit courts of appeal. *See United States v. Washington,* 127 F.3d 510 (6th Cir.1997), *cert. denied,* --- U.S. ----, 118 S.Ct. 2348, --- L.Ed.2d ----, 141 L.Ed. 2718 (1998); *United States v. Burgos,* 94 F.3d 849 (4th Cir.1996) (*en banc* ), *cert. denied,* --- U.S. ----, 117 S.Ct. 1087, 137 L.Ed.2d 221 (1997); *United States v. Teague,* 93 F.3d 81 (2d Cir.1996), *cert. denied,* --- U.S. ----, 117 S.Ct. 708, 136 L.Ed.2d 629 (1997); *United States v. Carter,* 91 F.3d 1196 (8th Cir.1996); *United States v. Jackson,* 84 F.3d 1154 (9th Cir.), *cert. denied,* --- U.S. ----, 117 S.Ct. 445, 136 L.Ed.2d 341 (1996).

The Sentencing Commission is required to review and revise guidelines previously promulgated and to submit amendments to Congress before the first of May each year. 28 U.S.C. § 994(*o*), (p). These amendments become effective by operation of law unless Congress passes a law specifically disapproving of the amendment. 28 U.S.C. § 994(p). In May 1995, the Sentencing Commission promulgated a series of amendments to Congress including one that would have

---

[1]Hanna also argues we should apply a "strict scrutiny" standard of review. We see no evidence in the dialogue between the Commission and Congress that Congress's rejection of the Commission's proposed amendment was motivated by racial animus. Accordingly, we review the crack cocaine sentencing guideline to determine whether it is rationally related to a legitimate governmental purpose. *See United States v. Byse,* 28 F.3d 1165, 1168 (11th Cir.1994).

3

eliminated altogether the sentencing disparity between crack and powder cocaine. After conducting a study at the direction of Congress, *see* Violent Crime Control and Law Enforcement Act of 1994, Pub.L. No. 103-322, § 280006, 108 Stat. 1796, 2097, the Commission voted 4-3 to remove any difference between cocaine base and cocaine powder, concluding that "sufficient policy bases for the current penalty differential do not exist." Notice of Submission to Congress of Amendments to the Sentencing Guidelines, 60 Fed.Reg. 25,074, 25,076 (amendments proposed on May 1, 1985). Specifically, the Commission determined that many of the harms associated with crack cocaine (such as the correlation with violence, incidence of repeat offenders, etc.) were already captured by other guideline sentencing enhancements. *Id.* The Commission further observed in its notice to Congress that the higher addiction rate of users of crack cocaine was attributable to the delivery method—smoking—not to the nature of the substance. *Id.* at 25,077.

The amendment would have taken effect on November 1, 1995, but on October 30, 1995, Congress rejected the amendment in an act presented to both houses and signed by President Clinton. *See* Federal Sentencing Guidelines, Amendment, Disapproval, Pub.L. 104-38, 109 Stat. 334 (1985). In that same act, Congress mandated further study and revision of the crack cocaine guideline, but specifically stated that "the sentence imposed for trafficking in a quantity of crack cocaine should generally exceed the sentence imposed for trafficking in a like quantity of powder cocaine." *Id.*

Hanna argues that the Sentencing Commission's conclusion "sufficient policy bases for the current penalty differential do not exist" is, in effect, an agency's interpretation of its own rules and is entitled to "controlling weight." *Stinson v. United States,* 508 U.S. 36, 45, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993); *see also Washington,* 127 F.3d at 518 (dissenting opinion). In *Stinson,* the

4

Supreme Court held that commentary to the Sentencing Guidelines that functions "to interpret a guideline or explain how it is to be applied" is binding on courts applying the Guidelines. *Stinson,* 508 U.S. at 42-43, 113 S.Ct. 1913. The Court analogized the Commission's commentary to an agency's interpretation of its own legislative rule. An agency's interpretation of a legislative rule must be given " "controlling weight unless it is plainly erroneous or inconsistent with the regulation.' " *Id.* at 45, 113 S.Ct. 1913 (quoting *Bowles v. Seminole Rock & Sand Co.,* 325 U.S. 410, 414, 65 S.Ct. 1215, 89 L.Ed. 1700 (1945)).

Hanna uses the *Stinson* holding to argue that the Commission's "interpretation" of its guideline—that the guideline is not supported by sound policy—requires this court to find the guideline irrational and unconstitutional. But even if we concluded that the Commission's explanation of the proposed amendment constituted an agency's interpretation of a rule (a doubtful proposition), nothing would require Congress to accept that interpretation. Congress can, constitutionally, "veto" an agency's interpretation of a legislative rule as long as the Article I, § 7 requirements are met. *See INS v. Chadha,* 462 U.S. 919, 944-51, 103 S.Ct. 2764, 77 L.Ed.2d 317 (1983). Here, Congress clearly did not accept the Commission's conclusions concerning the sentence differential and disapproved of the Commission's proposed amendment in legislation that passed both houses and was signed by the president. Therefore, we need not give the Commission's conclusions about the sentence differential any interpretive weight and, instead, must adhere to this Circuit's precedent. *See United States v. King,* 972 F.2d 1259, 1260 (11th Cir.1992) (sentencing scheme for crack cocaine passes rational basis test).

AFFIRMED.