UNITED STATES of America,
Plaintiff–Appellee,

v.

Cortez CONWELL, Defendant–
Appellant.

No. 00–2910.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 31, 2001.

Decided Feb. 7, 2001.

Before BAUER, COFFEY, DIANE P.
WOOD, Circuit Judges.

ORDER

Cortez Conwell pleaded guilty to distribution of cocaine base (commonly known as "crack") and was sentenced to 210 months' imprisonment. On appeal, Conwell maintains that § 2D1.1 of the sentencing guidelines violates the Eighth Amendment's ban against cruel and unusual punishment because of the higher sentences provided for crack cocaine offenses versus powder cocaine offenses. We affirm.

In January 2000 Conwell was charged in a nine-count indictment with conspiracy to possess with intent to distribute cocaine base, distribution of cocaine base, and possession with intent to distribute cocaine base. Conwell subsequently pleaded guilty to distributing in excess of 1.5 kilograms of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

At sentencing, Conwell argued that the drug quantity tables provided in U.S.S.G. § 2D1.1 were unconstitutional because they treat one gram of crack the same as 100 grams of cocaine. The district court rejected this argument, acknowledging that this circuit had already upheld the guideline as constitutional, and then sentenced Conwell to 210 months' imprisonment, the lowest possible sentence within the applicable guideline range.

Conwell's sole argument on appeal is that the severity of his sentence, stemming from the enhanced penalties provided in the sentencing guidelines for offenses involving crack cocaine, violates the Eighth Amendment's prohibition on cruel and unusual punishment. This argument, however, is foreclosed by previous decisions of this court. *United States v. Baker*, 78 F.3d 1241, 1248 (7th Cir.1996); *United States v. Smith*, 34 F.3d 514, 525 (7th Cir.1994). Further, every other circuit that has addressed the issue has also upheld the distinction between powder and crack cocaine against various Eighth Amendment challenges. *See, e.g., United States v. Brooks*, 161 F.3d 1240, 1247 (10th Cir.1998); *United States v. James*, 78 F.3d 851, 853 n. 2 (3d Cir.1996); *United States v. Jackson*, 59 F.3d 1421, 1423 (2d Cir. 1995); *United States v. Fisher*, 22 F.3d 574, 579–80 (5th Cir.1994); *United States v. Avant*, 907 F.2d 623, 627 (6th Cir.1990); *United States v. Buckner*, 894 F.2d 975, 980–81 (8th Cir.1990); *United States v. Cyrus*, 890 F.2d 1245, 1248 (D.C.Cir.1989).

■ Stare decisis requires compelling reasons to overrule circuit precedent. *United States v. Williams*, 184 F.3d 666, 671 (7th Cir.1999). Here, Conwell's only contention for why we should revisit our prior holdings is that the sentencing disparity between powder and crack cocaine offenses has been criticized by the Sentencing Commission, twenty-seven federal judges, former Attorney General Janet Reno, and Barry McCaffrey, Director of the National Drug Control Policy. But absent any legislative change, such criticism is not a sufficient reason for us to overrule our precedent. *United States v. Westmoreland*, 122 F.3d 431, 434 (7th Cir. 1997) ("[T]hat the Sentencing Commission has recently indicated it may reconsider the guidelines for drug offenses and eliminate the sentencing disparity between

powder and crack cocaine offenses ... is no reason for us to reconsider the current state of the law of sentencing."); *see also United States v. Hanna*, 153 F.3d 1286, 1289 (11th Cir.1998) ("[W]e need not give the [Sentencing] Commission's conclusions about the sentence differential any interpretive weight and, instead, must adhere to this Circuit's precedent."); *see generally Colby v. J.C. Penney Co., Inc.*, 811 F.2d 1119, 1123 (7th Cir.1987) ("A court must give considerable weight to [its own previous] decisions unless and until they have been overruled or undermined by the decisions of a higher court, or other supervening developments, such as a statutory overruling.").

For the above reasons, the judgment of the district court is AFFIRMED.