[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 31, 2005
THOMAS K. KAHN
CLERK

No. 03-15067
Non-Argument Calendar

_____

D. C. Docket No. 03-00058-CR-1-WS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL DUANE MARLIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(August 31, 2005)

Before TJOFLAT, ANDERSON and DUBINA, Circuit Judges.

PER CURIAM:

Michael Duane Marlin appeals his 135-month sentence imposed following a jury trial for conspiracy to possess with intent to distribute more than 50 grams of crack cocaine, in violation of 21 U.S.C. § 846.  On appeal, he raises two arguments.  First, he argues that the district court erred by denying his motion for a 2-level minor role reduction.  Second, he argues, based upon United States v. Booker, 543 U.S. ___, 125 S.Ct. 738, 756 (2005), that his sentence was unreasonable because the penalties for possession of crack cocaine greatly and unfairly exceed those for powder cocaine.  Each of Marlin's arguments are considered in turn.

## I.

A court's finding regarding a defendant's role in the offense is reviewed for clear error.  United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc).  Under the federal sentencing guidelines, a defendant may receive a 2-level reduction in his base offense level if his role in the offense can be described as minor.  U.S.S.G. § 3B1.2(b).  A "minor participant" is someone who is "less culpable than most other participants, but whose role could not be described as minimal."  U.S.S.G. § 3B1.2, cmt. n.5.  The defendant bears the burden of proving, by a preponderance of the evidence, that his role was minor in comparison to the other participants.  De Varon, 175 F.3d at 939.

2

We have stated, " First and foremost, the district court must measure the defendant's role against the relevant conduct for which she has been held accountable." Id. at 940. Marlin was held accountable for conspiracy to distribute and possess more than 50 grams of crack cocaine. The evidence adduced at trial showed that his actual conduct included participating in a conspiracy to possess with intent to distribute over 50 grams of crack cocaine. Therefore, the relevant conduct for which he was held accountable was identical to his actual conduct in the offense, and his claim fails under the first prong. See De Varon, 175 F.3d at 941. The district court did not clearly err by concluding Marlin's role was not minor because, in addition to putting a confidential informant ("CI") in contact with a coconspirator, Russell Matthews, for the purpose of selling drugs, he also attempted to act as an intermediary between the CI and Matthews in furtherance of the conspiracy and sale. Finally, Marlin appears to argue on appeal that he was less culpable than Matthews and another coconspirator, Terrance James. However, while Marlin's role in the entire drug sales operation might have been less than that of Matthews and James, his role in the offense with which he was charged, as noted, was not "minor." See De Varon, 175 F.3d at 944.

## II.

Because Marlin did not raise a Booker or Blakely challenge in the district

3

court, we review his argument on appeal for plain error. United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005), cert. denied, (U.S. June 20, 2005) (No. 04-1148). In Rodriguez, we held for a defendant to satisfy plain error analysis on a Booker claim, the defendant must show a "reasonable probability" that he would have received a lesser sentence had the district court applied the guidelines in an advisory, rather than a mandatory, manner. Id. at 1301.

Marlin cannot show a "reasonable probability" that he would have received a lesser sentence had the district court applied the guidelines in an advisory, rather than mandatory, manner. In this case, Marlin was sentenced to the low end of the guideline range, and the court expressed satisfaction that "the sentence imposed addresse[d] the seriousness of the offense and the sentencing objectives of punishment, deterrence, and incapacitation." The court did not indicate that another sentence would have been more appropriate. We have held that the fact that the defendant was sentenced to the bottom of the mandatory guideline range, without more, is insufficient to satisfy the third prong's requirement that the defendant show a reasonable probability of a lesser sentence under an advisory guideline system. United States v. Fields, 408 F.3d 1356, 1361 (11th Cir. 2005). Accordingly, he cannot show that his substantial rights were affected by mandatory application of the guidelines, and thus, he cannot satisfy the plain error analysis we

4

announced in <u>Rodriguez</u>, 398 F.3d. at 1301.

Marlin cites no authority for his argument that his sentence was unreasonable due to the disparity between punishment for crack and powder cocaine offenses. We have upheld the constitutionality of sentence for crack cocaine offenses, and noted that the court system is the inappropriate avenue to effect a change in the disparity in punishment for powder and crack cocaine crimes. <u>See</u> <u>United States v. Hanna</u>, 153 F.3d 1286, 1288-89 (11th Cir. 1998). The district court cannot be considered unreasonable for imposing the sentence that Congress intended for the crime of conviction. <u>Id.</u>

For the foregoing reasons, Marlin's sentence is affirmed.

**AFFIRMED.**