[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 2, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-10432
Non-Argument Calendar

_____

D. C. Docket No. 04-00038-CR-4-RH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEITH DANIELS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(September 2, 2005)

Before ANDERSON, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Appellant Keith Daniels appeals his 135-month sentence for conspiracy to distribute and possess with intent to distribute more than 5 kilograms of a mixture containing cocaine and more than 50 grams of a mixture containing crack cocaine. On appeal, he raises two main arguments based upon *United States v. Booker*, 543 U.S. ___, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). Specifically, Daniels claims that the district court imposed an unreasonable sentence (1) based upon consideration of the factors enumerated at 18 U.S.C. § 3553(a), and (2) by failing to consider the assistance he provided to law enforcement.[1] Each argument is discussed in turn.

I.

Under *Booker*, we review a defendant's ultimate sentence for "unreasonableness." *See Booker*, 543 U.S. at ___, 125 S. Ct. at 765-66. Sentencing courts are to consider the following factors, set forth at 18 U.S.C. § 3553(a), in determining sentences under the advisory Guidelines scheme:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed-- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford

---

[1] Daniels also argues that his sentence was unreasonable based upon the Sentencing Guidelines' disparate treatment of powder and crack cocaine offenses. This argument is foreclosed by our precedent, and therefore, is without merit. *See United States v. Hanna*, 153 F.3d 1286, 1288-89 (11th Cir. 1998).

2

adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed [treatment]; ... (4) the kinds of sentence and the sentencing range established for ... (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission ...; (5) any pertinent policy statement – (A) issued by the Sentencing Commission.

18 U.S.C. § 3553(a); *Booker*, 125 S. Ct. at 765-66.

We have clarified that sentencing courts must first correctly interpret and apply the Guidelines to determine the appropriate advisory Guideline range. *See United States v. Crawford*, 407 F.3d 1174, 1178-79 (11th Cir. 2005).

Because Daniels does not argue on appeal, and the record does not show, that the district court erred in calculating his offense level under the Guidelines, there is no error in this respect. *See Id.*

The district court in this case purported to understand the requirement, in light of *Booker*, that it apply the Guidelines in an advisory fashion. Although it sentenced him within the Guideline range, it acknowledged that it was not required to do so, but believed that Daniels's unique circumstances warranted a sentence at the low end of the Guideline range. In reaching that conclusion, the court considered the nature and circumstances of Daniels's cooperation with the government, the nature of the offense, the drug involved, and "all of the

3

circumstances" particular to him. It specifically noted that Daniels had been involved in the "drug business" prior to the offense for which he was being sentenced, and that he did not cooperate with the government prior to signing the plea and cooperation agreement, but did cooperate afterward. The district court expressly considered the factors set forth at § 3553(a),[2] such that Daniels's sentence is not "unreasonable." *See Booker*, 125 S. Ct. at 765-66; 18 U.S.C. § 3553(a). We, therefore, find no error in this respect.

## II.

A district court may not depart pursuant to U.S.S.G. § 5K1.1 based upon a defendant's substantial assistance to the government absent a motion by the government requesting departure on that basis. *See Wade v. United States*, 504 U.S. 181, 185, 112 S. Ct. 1840, 1843, 118 L. Ed. 2d 524 (1992); *United States v. Forney*, 9 F.3d 1492, 1499 (11th Cir. 1993). Federal courts have authority to review a prosecutor's refusal to file a substantial assistance motion only if the refusal was based upon an unconstitutional motive, such as racial or religious discrimination. *Wade*, 504 U.S. at 185-86, 112 S. Ct. at 1843-44. The defendant must make a "substantial showing" of an unconstitutional motive before having a

---

[2]To the extent that the Sentencing Guidelines themselves take into account the factors set forth at § 3553(a), the district court also implicitly considered them during the course of calculating his applicable Guideline range.

4

right to discovery or an evidentiary hearing. *Wade*, 504 U.S. at 186.

In this case, the district court did not err by failing to depart on the basis of Daniels's assistance to the government because the government did not file a motion to that end. *See Id.* at 185. Daniels does not allege - much less make a "substantial showing" - that the refusal to file the motion was based upon a specific unconstitutional motive. *See id.* at 185-86. Rather, he contends only that the government's failure to file that motion violated the plea and cooperation agreement. In fact, the plea agreement specifically stated that the government retained "sole discretion" to determine whether to file a substantial assistance motion. Accordingly, this argument fails.

Similarly, Daniels's argument that the district court's sentence was unreasonable because it failed to consider the assistance he provided to the government is also without merit. Specifically, the district court indicated that, pursuant to *Booker*, it considered his cooperation in determining his sentence although no substantial assistance motion was filed.

Based upon the foregoing, we affirm Daniels's sentence.

**AFFIRMED.**