[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15063
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 19, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-00143-CR-T-24-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDDIE DAVRAY MCCLENDON,
a.k.a. Eddie Davray Rowe,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 19, 2010)

Before TJOFLAT, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Eddie Davray McClendon appeals the sentences he received following his

convictions for possession with intent to distribute crack cocaine and possession of an assault rifle. After a thorough review of the record, we find no error in the manner in which the sentences were imposed, but we remand for correction of a clerical error.

McClendon was indicted for possessing 50 grams or more of crack cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii);[1] and possession with intent to sell assault rifles that affected interstate commerce, without being a licensed firearms dealer, in violation of 18 U.S.C. §§ 922(a)(1)(A) and 924(a)(1)(D). On May 27, 2009, McClendon pleaded guilty to both counts without a written plea agreement.

The probation officer determined that the applicable guideline range was 78 to 97 months' imprisonment and that the crack cocaine offense carried a statutory mandatory minimum sentence of 5 years' imprisonment. The presentence investigation report ("PSI") advised that, if a one-to-one ratio were used for crack cocaine and powder cocaine sentencing, McClendon's guideline range would have been 15 to 21 months' imprisonment, but the 5-year mandatory minimum required

---

[1] The indictment incorrectly cited § 841(B)(1)(A)(viii) as the basis for the offense, but possession of 50 grams of crack cocaine is a violation of § 841(a) and (b)(1)(A)(iii). Although McClendon was initially charged with possession of 50 grams or more of crack cocaine, the lab reports later indicted that the net weight of the drugs was less than 50 grams. The government indicated that it would amend the indictment to charge McClendon with possession with intent to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii). The judgment lists the correct amount of drugs.

2

by statute would remain. Neither McClendon nor the government filed pre-sentencing objections to the PSI.

About one week before his October 1, 2009, sentencing hearing, McClendon filed a motion to continue sentencing on the ground that pending congressional legislation sought to eliminate the sentencing disparity between crack and powder cocaine offenses. He acknowledged that, under current law, a 5-year mandatory minimum sentence applied to his offense, but stated that if he were instead sentenced under the Guidelines for the same amount of powder cocaine, his guideline range would be 15 to 21 months' imprisonment. He was unsure, however, whether the legislation would pass or if it would be retroactive. He argued that fundamental fairness warranted his sentencing to be continued until the winter of 2010. The court denied the motion.

At sentencing, McClendon raised due process and equal protection challenges to the applicable mandatory minimum penalties and the crack cocaine sentencing scheme. He also requested that the court grant him a continuance of one to two weeks so that he could conduct additional research and submit an amended sentencing memorandum on these constitutional issues. The court noted that the case had been set for sentencing for three months and denied the continuance. The court stated that it was aware of the sentencing bill to which

3

McClendon had referred, and that the court had received many motions similar to McClendon's. The court noted, however, that neither it nor McClendon knew if the bill would pass and, until the bill passed, "the law is what the law is." The court noted that if it continued all the crack cocaine cases with mandatory minimum sentences, it would need to continue a significant number of cases. Accordingly, the court adopted the PSI's calculations, determined the guideline range to be 78 to 97 months' imprisonment, and acknowledged the mandatory minimum sentence set by statute. McClendon (1) objected to the 5-year statutory mandatory minimum sentence on the grounds that the 100-to-1 disparity between crack cocaine and powder cocaine violated his due process and equal protection rights under the Fifth Amendment; (2) argued that his due process rights were violated because no rational basis existed for this sentencing disparity; and (3) argued that his equal protection rights were violated because the sentencing disparity had a disparate impact on African American defendants. After considering the arguments and the sentencing factors in 18 U.S.C. § 3553(a), the court imposed the mandatory-minimum 60-month sentence.

McClendon now appeals, challenging the denial of his motions to continue sentencing and the statutory mandatory minimum sentence. We address each in turn.

4

### 1. Motion to Continue Sentencing

We review a district court's denial of a motion to continue sentencing for abuse of discretion. *United States v. Edouard*, 485 F.3d 1324, 1350 (11th Cir. 2007). A defendant must show that the court's denial "produced specific substantial prejudice." *Id.* We review the district court's decision "in light of the circumstances presented, focusing upon the reasons for the continuance offered to the trial court when the request was denied." *Id.*

McClendon argues that the district court abused its discretion in denying his motion to continue sentencing based on pending legislation that would either eliminate the sentencing disparity between crack cocaine and powder cocaine, or would allow a district court to sentence a defendant below the statutory mandatory minimum.

We conclude, however, that McClendon has not shown that the court's denial of his motion for a continuance – filed just one week before sentence was scheduled – produced specific substantial prejudice. The legislation altering the sentencing scheme for crack cocaine offenses is still pending, and McClendon's contention that the pending legislation *may* affect the sentence the court imposed is not enough to meet his burden. *See Edouard*, 485 F.3d at 1350. Additionally, McClendon's sentencing took place more than four months after he entered his

guilty plea, and a delay would have violated Federal Rule of Criminal Procedure 32, because the court "must impose sentence without unnecessary delay." *See* Fed.R.Crim.P. 32(b)(1).

Moreover, considering that the district court "has inherent authority to manage its own docket so as to achieve the orderly and expeditious disposition of cases," the district court did not abuse its discretion in denying McClendon's motion to continue sentencing. *See Equity Lifestyle Props., Inc v. Fla. Mowing & Landscape Serv.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quotation omitted).

Finally, although the court stated that it would have sentenced him to 21 months' imprisonment absent a statutory mandatory minimum sentence, such a statement does not rise to the level of "specific substantial prejudice." *See Edouard*, 485 F.3d at 1350.

### 2. Mandatory Minimum Sentences

McClendon also argues that the statutory mandatory minimum sentence violates the Equal Protection Clause because: (1) a disproportionate number of African American defendants are sentenced for crack cocaine, so the statute has a disparate impact; (2) Congress's refusal to amend the crack cocaine penalties that primarily affect African American defendants constitutes a discriminatory purpose.

We review the constitutionality of a statute *de novo*. *United States v.*

6

*Reynolds*, 215 F.3d 1210, 1212 (11th Cir. 2000). "[T]he district court remains bound by statutes designating mandatory minimum sentences even after the remedial holding of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005)." *United States v. Castaing-Sosa*, 530 F.3d 1358, 1362 (11th Cir. 2008).

This court has held that the sentencing disparity between crack cocaine and powder cocaine offenses does not violate the Equal Protection Clause, even though the statute has a disparate impact. *United States v. Butler*, 102 F.3d 1191, 1194-95 (11th Cir. 1997). Additionally, McClendon cannot show a discriminatory purpose behind crack cocaine sentences. The Supreme Court has held that a defendant must show more than Congress's "awareness of consequences," when arguing that Congress had a discriminatory purpose in enacting a particular statute. *Pers. Adm'r of Mass. v. Feeney*, 442 U.S. 256, 279 (1979). This court has also held that this sentencing disparity does not violate the Due Process Clause. *United States v. Hanna*, 153 F.3d 1286, 1287-88 (11th Cir. 1998). We are bound by prior precedent unless the decision is overruled by this court sitting *en banc* or by the Supreme Court. *Id.* at 1288. Therefore, McClendon's equal protection and due process claims fail.

We also reject McClendon's argument that Congress's failure to act amounts

to a discriminatory purpose, thereby violating his equal protection rights. The disparate impact of the guidelines on African American defendants is insufficient to show that Congress had a discriminatory intent. *United States v. Byse*, 28 F.3d 1165, 1168-70 (11th Cir. 1994). McClendon must show more than Congress's "awareness of consequences," to establish that Congress has a discriminatory purpose in failing to enact legislation that equalized the penalties for crack and powder cocaine offenses. *See Feeney*, 442 U.S. at 279. Because McClendon presents no legal support for his contention, his argument fails. Accordingly, we affirm McClendon's sentences.

We note, however, that the judgment of conviction incorrectly cites the statute under which McClendon was convicted. Although neither McClendon nor the government raises any issue regarding this clerical error, we may *sua sponte* address a clerical error and remand with instructions that the district court correct the error. *United States v. Massey*, 443 F.3d 814, 822 (11th Cir. 2006). Accordingly, we vacate and remand for the limited purpose of correcting the clerical error in the judgment to identify the offense in Count 1 as a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii).

**AFFIRMED IN PART; VACATED and REMANDED IN PART.**