[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13211
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 24, 2010
JOHN LEY
CLERK

D. C. Docket No. 06-00007-CR-J-20-JRK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ZACKERY BIVENS,
a.k.a. Zack Thompson,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 24, 2010)

Before CARNES, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

Zackery Bivens, through counsel, appeals the district court's denial of his

motion for a sentence reduction, pursuant to 18 U.S.C. § 3582(c)(2). On appeal, he argues that: (1) the district court erred in denying his § 3582(c)(2) motion after finding that he was ineligible for a sentence reduction under Amendment 706 because he was sentenced as a career offender; and (2) the sentencing disparity that exists between crack cocaine and powder cocaine offenses violated his equal protection and due process rights.

Bivens acknowledges that *United States v. Moore*, 541 F.3d 1323 (11th Cir. 2008), held that career offenders are ineligible to receive a sentence reduction under Amendment 706. Nonetheless, he urges us to reconsider our *Moore* decision. However, only the en banc court can reconsider our precedent. Accordingly, Bivens is not entitled to relief.

Bivens next argues, for the first time on appeal, that the Sentencing Guidelines for crack cocaine offenses violates the Equal Protection and Due Process Clauses because the disparity in punishments for crack cocaine and powder cocaine offenses "is irrational and racially discriminatory."

When a party fails to raise an issue before the district court, we review the issue for plain error. *United States v. Jones*, 289 F.3d 1260, 1265 (11th Cir. 2002). Plain error occurs if (1) there was error, (2) that was plain, (3) that affected the defendant's substantial rights, and (4) that seriously affected the "fairness,

2

integrity, or public reputation of judicial proceedings." *Id.*

It is unclear whether Bivens argues that his original sentence violates his equal protection and due process rights. In any event, he may not raise a constitutional challenge to his original sentence in a § 3582(c)(2) proceeding. *See United States v. Bravo*, 203 F.3d 778, 782 (11th Cir. 2000) (declining to consider defendant's Eight Amendment claim because "such a collateral attack on [a] sentence" should be brought pursuant to 28 U.S.C. § 2255 and not § 3582(c)(2)). Nonetheless, we have held that the sentencing disparity between crack cocaine and powder cocaine offenses does not violate the Equal Protection Clause. *See United States v. Butler*, 102 F.3d 1191, 1194-95 (11th Cir. 1997) (holding that 100:1 sentencing disparity between crack cocaine and powder cocaine offenses does not violation a defendant's equal protection rights). We have likewise held that this sentencing disparity does not violate the Due Process Clause. *See United States v. Hanna*, 153 F.3d 1286, 1287-88 (11th Cir. 1998).

**AFFIRMED.**