[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11473
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 14, 2011
JOHN LEY
CLERK

D.C. Docket No. 2:09-cr-00049-LGW-JEG-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BENNIE SAMS, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(November 14, 2011)

Before MARCUS, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Bennie Sams, Jr., appeals his 200-month sentence, imposed below the

applicable guideline range of 240 months, after pleading guilty to possessing with intent to distribute cocaine base, a.k.a. "crack cocaine," in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). For the reasons stated below, we affirm.

## I.

The record shows that certain individuals delivered 250 grams of crack cocaine to Sams twice a month over approximately 18 months (a total of about 9 kilograms) and that Sams paid at least $15,000 for each delivery. According to Sams, he did not purchase the drugs outright, but sold them within his community and paid the proceeds to his suppliers, keeping a portion of the profits to himself.

Applying the 2008 version of the Sentencing Guidelines, the district court assigned Sams a base offense level of 38, pursuant to U.S.S.G. § 2D1.1(c)(1), because his drug offense involved more than 4.5 kilograms of crack cocaine.[1] After various adjustments, Sams total offense level became 37 and, combined with a criminal history category III, yielded a Guideline range of 262 to 327 months' imprisonment. However, because the relevant statute provided a maximum sentence of 20 years, Sams's guideline range decreased to 240 months, pursuant to

---

[1] The Guidelines treat crack cocaine and powder cocaine differently for sentencing purposes. *See* U.S.S.G. § 2D1.1(c). For example, § 2D1.1(c) provides a base offense level of 38 if an offense involves 4.5 kilograms or more of crack cocaine. *Id.* § 2D1.1(c)(1). However, that same amount of powder cocaine would result in a base offense level of 30, and 9 kilograms of powder cocaine would yield a base offense level of 32. *See id.* § 2D1.1(c)(4)-(5).

U.S.S.G. § 5G1.1(a).

At the sentencing hearing, Sams argued for a sentence below the guideline range and, together with his two witnesses, presented several mitigating factors to the court, namely, his acceptance of responsibility, decent character, involvement in his church, good work ethic, good behavior while released on bond, and a relatively minor criminal history. Before imposing sentence, the district court stated that it had listened to Sams and his witnesses, reviewed the presentence investigation report ("PSI"), and "carefully considered" all of the sentencing factors laid out in 18 U.S.C. § 3553(a). The court then sentenced Sams to 200 months in prison, explaining that the sentence was appropriate due to "the volume of drugs" involved in his offense.

## II.

Sams raises several issues on appeal. First, he argues that, given the sentencing disparity between crack cocaine and powder cocaine offenses, the district court violated his constitutional rights to due process and equal protection by calculating the sentence using the crack cocaine guideline. Second he contends that his sentence was procedurally unreasonable because the district court failed to address *sua sponte* the disparity between crack and powder cocaine sentences and failed to consider the impact of the crack-to-powder ratio on the applicable

guideline range. Sams also argues that his sentence was substantively

unreasonable under the 18 U.S.C. § 3553(a) factors.

Where a defendant fails to raise an objection in the district court, we review

only for plain error. *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir.

2005). Under plain-error review, we may not reverse "unless there is: (1) error,

(2) that is plain, and (3) that affects substantial rights." *Id.* (quotation omitted).

"If all three conditions are met, an appellate court may then exercise its discretion

to notice a forfeited error, but only if (4) the error seriously affects the fairness,

integrity, or public reputation of judicial proceedings." *Id.* (quotation omitted).

We generally review the reasonableness of a sentence under a "deferential abuse-

of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586,

591, 169 L.Ed.2d 445 (2007).

## A. Constitutionality

Sams did not raise his constitutional argument in the district court, and,

therefore, we review the issue for plain error. *See Rodriguez*, 398 F.3d at 1298.

We have previously rejected due process and equal protection challenges to the

Guidelines based on the disparity between crack cocaine and powder cocaine

sentences. *See United States v. Hanna*, 153 F.3d 1286, 1287-89 (11th Cir. 1998)

(rejecting a due process and equal protection challenge to U.S.S.G. § 2D1.1(c)

4

based on the sentencing disparities caused by the crack-to-powder ratio); *United States v. King*, 972 F.2d 1259, 1260 (1992) (holding that the difference in sentencing schemes between crack cocaine and powder cocaine offenders does not violate the constitutional guarantee of equal protection). Accordingly, the district court committed no error in this regard.

## B. Reasonableness

A district court "must impose a procedurally and substantively reasonable sentence." *United States v. Gonzalez*, 550 F.3d 1319, 1323 (11th Cir. 2008). "A sentence may be procedurally unreasonable if the district court improperly calculates the Guidelines range, treats the Guidelines as mandatory rather than advisory, fails to consider the appropriate statutory factors, selects a sentence based on clearly erroneous facts, or fails to adequately explain the chosen sentence." *Id.* "The review for substantive unreasonableness involves examining the totality of the circumstances, including an inquiry into whether the statutory factors in § 3553(a) support the sentence in question." *Id.* at 1324.

Under § 3553(a), the sentencing court shall impose a sentence "sufficient, but not greater than necessary" to comply with the purposes of sentencing set forth in § 3553(a)(2), which include the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter

criminal conduct, and protect the public from the defendant's crimes. 18 U.S.C. § 3553(a)(2). Other factors to be considered include the nature and circumstances of the offense, the history and characteristics of the defendant, the available sentences, the Guidelines' policy and applicable range, the need to avoid unwarranted sentence disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

As an initial matter, because Sams did not challenge his guideline range in the district court on the basis of the crack/powder sentencing disparity, we review the issue only for plain error. *See Rodriguez*, 398 F.3d at 1298.

Here, the district court properly calculated Sams's guideline range. Section 2D1.1(c)(1) of the Guidelines provides a base offense level of 38 if an offense involves more than 4.5 kilograms of crack cocaine, and Sams does not dispute that he was responsible for approximately 9 kilograms of crack cocaine. *See* U.S.S.G. § 2D1.1(c)(1). Certainly, a district court may vary from the guideline range based on its disagreement with the crack-to-powder ratio. *Kimbrough v. United States*, 552 U.S. 85, 107-11, 128 S.Ct. 558, 573-76, 169 L.Ed.2d 481 (2007). However, nothing requires the court to disregard the applicable guidelines or to address the crack/powder disparity *sua sponte*. *See United States v. Snipes*, 611 F.3d 855, 870 (11th Cir. 2010) (stating that, while *Kimbrough* disapproved of the crack cocaine

guideline, it did not invalidate the guideline), *cert. denied*, 131 S.Ct. 2962 (2011).

Moreover, having considered the § 3553(a) sentencing factors, the district court

was not required to explicitly address the crack/powder sentencing disparity as one

of those factors. *See United States v. Sanchez*, 586 F.3d 918, 936 (11th Cir. 2009)

(stating that a district court need not discuss each § 3553(a) factor in explaining its

sentence as long as it "considers the defendant's arguments at sentencing and

states that it has taken the § 3553(a) factors into account"), *cert. denied*, 130 S.Ct.

1926 (2010).  Accordingly, Sams's sentence was procedurally reasonable.

Sams's sentence of 200 months was also substantively reasonable.  The

district court listened to arguments that Sams and his witnesses presented in

mitigation, "carefully considered" all of the § 3553(a) factors, and imposed a

sentence 40 months below the guideline range.  Moreover, in determining that 200

months was an appropriate penalty, the district court properly focused on the

amount of drugs involved.  Given that Sams sold approximately $30,000 worth of

crack cocaine a month for 18 months, the court could reasonably conclude that

Sams was a major narcotics distributor and that nothing less than 200 months'

imprisonment would constitute a sufficient punishment for his offense.  *See* 18

U.S.C. § 3553(a)(1)-(2); *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007)

("The weight to be accorded any given § 3553(a) factor is a matter committed to

7

the sound discretion of the district court." (quotation omitted)).

For the foregoing reasons, we affirm Sams's sentence.

**AFFIRMED.**