[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-11867
Non-Argument Calendar

_____

D.C. Docket No. 4:99-cr-00177-BAE-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DAVID KEVIN BANKS,
a.k.a. "D",

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(February 13, 2013)

Before HULL, JORDAN and KRAVITCH, Circuit Judges.

PER CURIAM:

David Banks, proceeding *pro se*, appeals the district court's denial of his motion to reconsider the court's order denying his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence. After careful review, we affirm.

In 2000, Banks pleaded guilty to conspiracy to possess crack and powder cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Based on a total offense level of 40 and a criminal history category of IV, Banks had a guidelines range of 360 months' to life imprisonment. The district court granted the government's motion for a downward departure under U.S.S.G. § 5K1.1 and sentenced Banks to 325 months.

Banks appealed his sentence, and this court affirmed.[1] In 2011, Banks filed a *pro se* motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) based on Amendment 750 to the United States Sentencing Guidelines, which revised the drug quantity tables and lowered Banks's guidelines range to 210 to 262 months' imprisonment. Banks requested that the district court apply the amended guidelines range and the same 35-month downward departure he previously received under U.S.S.G. § 5K1.1, which would result in a 175-month sentence. The district court denied Banks's motion, and Banks filed a motion to reconsider, which the district court also denied because "[t]he defendant's history and characteristics, as well as the seriousness of his offense, clearly demand a sentence

---

[1] *United States v. Banks*, 247 F.3d 248 (11th Cir. 2001) (unpublished table decision).

2

that protects the public from him for a very significant period of time." This is Banks's appeal.

We review the denial of a motion to reconsider for an abuse of discretion. *United States v. Simms*, 385 F.3d 1347, 1356 (11th Cir. 2004). Where, as here, the defendant was sentenced based on a guidelines range that was subsequently lowered by the Sentencing Commission, the district court has discretion to reduce his sentence under § 3582(c)(2). *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000). The district court also "has the discretion to decide whether to re-apply a downward departure [under U.S.S.G. § 5K1.1] . . . ." *United States v. Vautier*, 144 F.3d 756, 761 (11th Cir. 1998). To decide whether a sentence reduction is appropriate, "the court must consider the factors listed in [18 U.S.C.] § 3553(a) . . . ." *Id.* at 760. The § 3553(a) factors include, *inter alia*, "the nature and circumstances of the offense and the history and characteristics of the defendant" and "the need . . . to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1), (2)(C).

Banks has not shown that the district court abused its discretion in denying his motion to reconsider the denial of his § 3582(c)(2) motion. Banks sold crack cocaine and firearms to undercover government agents on multiple occasions, used his 15-year-old nephew to assist in the crime, and had a criminal history that included four offenses involving firearms, the most recent of which involved

shooting and injuring two men.  Banks argues that the district court abused its discretion by relying on his 13-year-old criminal history, but the district court was free to consider any information relevant to Banks's "background, character, and conduct" in evaluating the § 3553(a) factors.  18 U.S.C. § 3661; *see United States v. Tome*, 611 F.3d 1371, 1379 (11th Cir. 2010).  And Banks's arguments concerning the sentencing disparity between crack and powder cocaine do not suggest the district court abused its discretion in declining to reduce his sentence in this case based on the § 3553(a) factors.[2]  *See Bravo*, 203 F.3d at 780-81.  The district court stated that it considered the § 3553(a) factors, and the court did not abuse its discretion under § 3582(c)(2) in rejecting Banks's motion based upon its evaluation of those factors.

**AFFIRMED.**

---

[2] To the extent Banks argues that the sentencing disparity is unconstitutional, that argument is foreclosed.  *See United States v. Hanna*, 153 F.3d 1286, 1287-89 (11th Cir. 1998).