[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-16096
Non-Argument Calendar

_____

D. C. Docket No. 9:97-cr-08046-KLR-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHAUNCEY TAYLOR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 25, 2012)

Before DUBINA, Chief Judge, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Chauncey Taylor appeals *pro se* the district court's denial of his motion to reduce sentence, filed pursuant to 18 U.S.C. § 3582(c)(2).  A federal jury found Taylor guilty of (1) conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846; and (2) possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2.  The district court sentenced him as a career offender to concurrent 262 month sentences on each count.  On appeal, Taylor asserts that Amendment 750 reduces his base offense level under U.S.S.G. § 2D1.1 from 28 to 24, which he asserts is 2 levels below the level 26 "required to trigger" his current career-offender enhancement.  He contends that the amendment dropped his career-offender enhancement from 34 to 32 and that § 2D1.1 is a necessary part in establishing the sentencing range, even under the career-offender enhancement. He also argues that the 100-to-1 crack cocaine ratio was unconstitutional, had a disparate effect on African-Americans, and Congress recognized this disparity in passing the Fair Sentencing Act ("FSA").  Taylor urges retroactive application of the FSA.

"[W]e review *de novo* the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." *United States v. Moore*, 541 F.3d 1323, 1326 (11th Cir. 2008) (quoting *United States v. White*, 305 F.3d

1264, 1267 (11th Cir. 2002)) (per curiam).  A district court may not reduce a defendant's term of imprisonment unless the defendant's sentence was based upon a sentencing range that the Sentencing Commission subsequently lowered, the district court considers the 18 U.S.C. § 3553(a) factors, and the reduction is consistent with applicable policy statements issued by the Sentencing Commission.  18 U.S.C. § 3582(c)(2).  A reduction is not consistent with the Sentencing Commission's policy statements if it does not have the effect of lowering the defendant's applicable guideline range.  U.S.S.G. § 1B1.10(a)(2)(B).

For a defendant to obtain a reduction in a term of imprisonment based on an amendment to the Sentencing Guidelines, the relevant amendment must be listed in U.S.S.G. § 1B1.10(c).  *See id.* § 1B1.10(a)(1).  Because they are listed in § 1B1.10(c), Parts A and C of Amendment 750 to the Sentencing Guidelines may serve as the basis for a sentence reduction.  Part A of Amendment 750 amended § 2D1.1 by revising the Drug Quantity Table in § 2D1.1(c), and reducing offense levels associated with various amounts of crack cocaine.  U.S.S.G. App. C, Amend. 750, Pt. A, *cross referencing* U.S.S.G. App. C, Amend. 748 (2011).  The Amendment had no effect on § 4B1.1.  *See id.*

The district court must follow a two-step process in ruling on a § 3582(c)(2) motion.  *See Dillon v. United* States, ___ U.S. ___, 130 S. Ct. 2683, 2691 (2010);

3

*United States v. Bravo*, 203 F.3d 778, 780–81 (11th Cir. 2000). First, the court must recalculate the defendant's sentence "by substituting the amended guideline range for the originally applied guideline range, and then using that new base level to determine what ultimate sentence it would have imposed." *Bravo*, 203 F.3d at 780. All of the other guideline application decisions made during the original sentencing proceeding remain unaffected. *Id*. Under the second step, the court must decide whether, in its discretion, to retain the original sentence or to resentence the defendant under the amended guideline range. *Id.* at 781.

When a defendant is sentenced as a career offender, the sentence is "based on" the guideline ranges applicable to career offenders under § 4B1.1, not the levels set forth in § 2D1.1. U.S.S.G. § 4B1.1; *Moore*, 541 F.3d at 1327. In *Moore*, this court faced the question of whether defendants who were sentenced as career offenders under § 4B1.1 were eligible for § 3582(c)(2) relief in light of Amendment 706, which lowered the base offense levels for certain quantities of crack cocaine under U.S.S.G. § 2D1.1(c). *Moore*, 541 F.3d at 1325–27. This court held that the defendants did not qualify for § 3582(c)(2) relief because Amendment 706 had no effect on their guideline ranges, which were calculated under § 4B1.1. *Id.* at 1327–30.

Under the 1997 Sentencing Guidelines Manual, when a defendant qualified as a career-offender and his offense statutory maximum was 25 years or more but less than life, his offense level was 34. U.S.S.G. § 4B1.1(A), (B) (1997). The commentary defined offense statutory maximum as "the maximum term of imprisonment authorized for the offense of conviction that is a crime of violence or controlled substance offense." *Id.* § 4B1.1, comment. (n.2).

This court has held that constitutional challenges to a defendant's sentence are the sort of "extraneous" issues that are not cognizable under § 3582(c)(2) and must be pursued through a 28 U.S.C. § 2255 motion to vacate. *Bravo*, 203 F.3d at 782 (upholding a district court's finding that it had no jurisdiction in a § 3582(c)(2) proceeding to consider the defendant's claim that his sentence violated the Eighth Amendment). Additionally, this court has held that the sentencing ratio between crack and powder cocaine offenses does not violate equal protection based on the disproportionate impact on African-American offenders. *United States v. Hanna*, 153 F.3d 1286, 1287–89 (11th Cir. 1998).

The FSA increased the amounts of crack cocaine required to trigger the higher statutory-maximum sentences and the mandatory minimum sentences in 21 U.S.C. § 841(b)(1). Pub. L. No. 111-120, 125 Stat. 2372 (2010). Under the FSA, the 10 year mandatory minimum and the life statutory maximum apply to offenses

5

involving 280 grams or more of crack cocaine, and the 5 year mandatory minimum and the 40 year statutory maximum apply to offenses involving 28 grams or more of crack cocaine, respectively.  *See* 21 U.S.C. § 841(b)(1)(A)(iii), (b)(1)(B)(iii) (2011).

As an initial matter, because constitutional issues are not cognizable under § 3582(c)(2), we conclude that Taylor's constitutional challenge to the old 100-to-1 crack cocaine ratio was not properly before the district court.  Furthermore, we conclude that Taylor's argument regarding the FSA's retroactivity is outside the scope of § 3582(c)(2).

Moreover, the district court properly denied Taylor's § 3582(c)(2) motion because the career-offender enhancement was based entirely on the statutory maximum sentence, not on Amendment 750.  As a result of his prior convictions, Taylor was classified as a career offender and his offense level, as determined by § 4B1.1, was based on the offense statutory maximum term of 40 years' imprisonment.  Under both the initial guidelines and the amended guidelines, Taylor's enhanced offense level as a career offender is 34.  In other words, Taylor's offense level after the application of Amendment 750 is exactly what it was at the time of his 1998 sentencing under the prior version of the guideline. Thus, a reduction in his term of imprisonment is not authorized under § 3582(c)(2)

6

because the amendment does not have the effect of lowering his guideline range.

Accordingly, we hold that Taylor is ineligible for relief under § 3582(c)(2), and

we affirm the district court's order denying his motion to reduce sentence.

**AFFIRMED**.