[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-11639
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 21, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00562-CV-MHS-1

SERENA TAYLOR,

Plaintiff-Appellant,

versus

BROADSPIRE SERVICING, INC.,
BELLSOUTH ADVERTISING & PUBLISHING CORP.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 21, 2008)

Before TJOFLAT, BLACK and HULL, Circuit Judges.

PER CURIAM:

Serena Taylor appeals the district court's order granting summary judgment to Broadspire Servicing, Inc. ("Broadspire") and BellSouth Advertising and Publishing Corporation ("BellSouth") in her action claiming wrongful denial of benefits under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq. After review, we affirm.

## I. BACKGROUND

### A. Administrative Claim

Taylor was employed by BellSouth as a collections representative. On July 30, 2004, Taylor ceased working and, on August 6, 2004, filed a claim for short term disability benefits. Taylor submitted a statement from her treating physician, Dr. Dorothy White-Williams, indicating Taylor was being treated for carpal tunnel syndrome and headaches and had "decreased movement of [her] arm/fingers" with "swelling present." Dr. White-Williams was unable to release Taylor to return to work and did not know when significant improvement could be expected. Dr. White-Williams noted nerve conduction studies had been performed, and she had referred Taylor to a neurologist.

Dr. White-Williams submitted her office notes from Taylor's August 24, 2004 visit. These office notes indicate Taylor complained of swollen hands, sleep disturbance and migraines and was very irritable. Taylor was taking Tylenol,

2

codeine, Naproxen, Ibuprofen and sleeping pills.  Dr. White-Williams conducted a physical examination, noted "no congestion present," and prescribed Nasonex nasal spray.

Also in Taylor's claim file was an April 5, 2004 application for leave under the Family and Medical Leave Act ("FMLA").  Taylor's application listed these health conditions: fibromyalgia, carpal tunnel syndrome, tendinitis, irritable bowel syndrome, severe depression, gland disorder, chronic pain syndrome, inflamation and "other related disorders."

On August 30, 2004, Broadspire, the third-party administrator for BellSouth's long and short term disability plans, denied Taylor's claim because Taylor had provided insufficient medical information.  Broadspire's letter stated Taylor's doctor had "failed to provide examination findings to substantiate functional impairments of a severity to support your inability to perform any type [of] work, with or without appropriate medical restrictions from 8/6/04."  Broadspire advised Taylor could appeal within 180 days and "include any medical data such as neurological examination, nerve conduction studies, ROM of joints, motor strength, diagnostic test results such as CT, xrays, physician office notes[,] etc[.], in an attempt to perfect your claim."

About seven months later (on March 28, 2005), Taylor filed an appeal,

stating, <u>inter alia</u>, that she was suffering from "[c]arpal tunnel, [t]edious, burtitos and fibermyalga and stress related complications" and that "test[s] were performed [but] medical evidence states that [s]ingle parameter tests like EMG and NCV lack the ability to differentiate between conditions with similar symptoms, and to detect disease, injury or a cumulative trauma disorder in its earliest stages." (Emphasis omitted).[1] While she quoted from doctors, Taylor provided no medical documentation from any doctors, let alone the documents she claimed to be quoting.[2] Taylor stated she could not afford to make copies of her medical records, which she said were voluminous, and argued that she had signed medical releases and had provided copies of her medical records to the attorney representing BellSouth in her separate claim for workers compensation benefits.

---

[1]Taylor's two appeal letters stated that she was appealing the denial of long term disability benefits. However, Taylor had applied for short term, rather than long term, disability benefits. Broadspire treated Taylor's letters as appeals of the denial of short term disability benefits. Subsequently, on January 10, 2006, Taylor applied for long term disability benefits. Broadspire denied this claim because Taylor had not completed the required waiting period and was ineligible under the plan. Taylor's administrative appeal of this decision was rejected as untimely.

[2]For example, Taylor stated that she was seen by a Dr. Cabot at the Smyrna Orthopedic & Sports Medicine Center and quoted Dr. Cabot as saying: "I believe this patient has some sort of inflammatory disorder that is causing pain and perhaps swelling of her upper extremities including hands and may actually be associated with carpal tunnel syndrome." Taylor also claimed numerous other doctors had diagnosed her with tendonitis, fibromyalgia, back sprain, cumulative trauma disorders, and repetitive strain injuries. She claimed to have "previously received therapy treatments, medication and have had diagnostic tests which have not isolated or properly diagnosed my conditions."

4

On March 30, 2005, Broadspire sent a letter denying Taylor's first level appeal on grounds that it was untimely. However, Broadspire advised Taylor she could file a final appeal within 180 days. Broadspire also listed the medical information Taylor needed to submit in support of her final appeal, as follows:

> In support of your final appeal, you should include all available information to support your request, including, but not limited to the following:
> . . .
> - Exam findings, including, objective physical examination findings, diagnostic test results or any other objective clinical data, intensity of symptoms, results from all exams or objective tests that prevent you from performing your job duties or any type of work.
> - Consultation reports from . . . medical providers
> - Laboratory reports such as: Chemistry Profile, CBC
> - X-ray reports
> - Functional Capacity Evaluation

On April 5, 2005, Taylor sent a letter requesting a final appeal and again stated she could not afford to attach copies of her medical records and had already provided them to the attorney representing BellSouth as to Taylor's workers compensation claim.

During the administrative appeal, several specialists reviewed Taylor's submissions and noted the absence of medical information needed to determine whether Taylor was disabled. For example, Dr. Vaughn Cohen, a neurologist, noted the documentation from Dr. White-Williams did not: (1) "describe the

claimant's symptoms in any detail"; (2) "include any information regarding physical exam findings"; (3) "provide any explanation to support" her opinion that Taylor is unable to work; (4) contain an historical description of Taylor's medical problems; or (5) include "significant abnormal physical exam signs" such as "abnormal cognition, or abnormal strength, sensation, coordination or gait and balance" or a description of "any impairment with respect to endurance for performing a seated job [at a] desk." Dr. Cohen pointed out Dr. White-Williams had not submitted the results of nerve conduction studies. In sum, Dr. Cohen concluded that "[n]one of this information is indicative of a functional impairment which would preclude work."

Dr. Wendy Weinstein, a specialist in internal medicine, likewise noted the lack of any physical examination findings, such as a "musculoskeletal examination noting the range of movement of the upper extremities with muscle strength and sensory examination findings." Dr. Weinstein pointed out that, although Dr. White-Williams had indicated that Taylor had decreased movement of her arms and fingers, she had not quantified the decrease and that the medical records documented no specific limitations or restrictions.

Similarly, Dr. Yvonne Sherrer, a rheumatologist, pointed out that Dr. White-Williams's "notation of decreased movement of arm is nonspecific and does not

6

determine whether the decreased movement is limited to the shoulders, the elbows or wrists, or whether the decreased movement is in all planes or whether it is mild, moderate or severe." Dr. Sherrer noted that "[t]he discussion of swelling is also nonspecific and does not distinguish between edema and joint swelling," or "the extensiveness of the swelling or whether it is mild, moderate or severe."

On June 27, 2005, Broadspire sent Taylor a final denial letter stating that the Appeals Review Committee had reviewed the medical information in her file, containing only Dr. White-Williams's physician statement and August 24 office visit notes and Taylor's April 9, 2005 application for FMLA leave, and concluded that it did not support Taylor being disabled. The letter noted, inter alia, that Dr. White-Williams had "remarked that [Taylor] had decreased movement of [her] arms and fingers with swelling," but "did not attach quantitative range of motion measurements to substantiate the severity of the limitation" and that, although documentation indicated that Taylor had seen specialists, "[m]edical documentation from other attending doctors were not provided throughout the appeal process."

## B. District Court Proceedings

Taylor filed this action in federal court, alleging that she was wrongly denied both short term and long term disability benefits. Defendants filed a

motion for summary judgment. Taylor filed two motions for partial summary judgment and a motion to stay summary judgment and remand the case to Broadspire so that additional medical records could be reviewed.[3]

The district court granted defendants' motion for summary judgment and denied Taylor's motions for partial summary judgment and motion to remand. The district court concluded, "[b]ased on the very limited medical evidence presented by plaintiff," that Broadspire's denial of short term disability benefits was correct. The district court rejected Taylor's contention that the case should be remanded, stating that the burden was on Taylor to submit all relevant medical information and Broadspire had "fully informed" Taylor that she needed to provide medical information in support of her claim.[4] The district court concluded that Taylor was not entitled to long term disability benefits because, under the terms of the plan, she must first have received 52 weeks of short term disability benefits, which she had not. Taylor filed a motion for a new trial, which the

---

[3]Taylor obtained new counsel to represent her in the district court. Initially, new counsel filed a motion to compel production of Taylor's entire claim file. Upon learning that Taylor's entire claim file had been produced and contained only the three documents already discussed, new counsel withdrew the motion to compel and filed a motion to remand so that Taylor could submit the additional medical records for review.

[4]The district court also noted that most of the medical records Taylor wanted Broadspire to review on remand related to a period prior to her August 2004 short term disability benefits claim and were of limited relevance.

district court denied. The district court also denied Taylor's motion for reconsideration of her motion for a new trial.

Taylor filed this appeal.

## II. DISCUSSION

### A. Summary Judgment Motion

In reviewing a decision to deny benefits in an ERISA case, the district court proceeds through a "well-defined series of steps." Tippitt v. Reliance Standard Life Ins. Co., 457 F.3d 1227, 1231-32 (11th Cir. 2006). First, the district court examines the plan documents to determine which standard of review applies. HCA Health Servs. of Ga. v. Employers Health Ins. Co., 240 F.3d 982, 993 (11th Cir. 2001). Generally, review is de novo; if, however, the plan administrator has discretion under the plan to grant benefits, the court applies either the arbitrary and capricious or a heightened arbitrary and capricious standard of review, depending upon whether the plan administrator is acting under a conflict of interest. Id. at 992-93.[5]

"Regardless of whether arbitrary and capricious or heightened arbitrary and capricious review applies, the court evaluates the claims administrator's

---

[5]The parties agree that the plan vests Broadspire with discretion in making benefits determinations, but disagree as to whether Broadspire acts under a conflict of interest.

interpretation of the plan to determine whether it is 'wrong.'" Id. at 993. Thus, the court does not look to whether the plan administrator acts under a conflict of interest unless it first concludes that the plan administrator's decision was wrong. See id. "A decision is 'wrong' if, after a review of the decision of the administrator from a de novo perspective, the court disagrees with the administrator's decision." Glazer v. Reliance Standard Life Ins. Co., 524 F.3d 1241, 1246 (11th Cir. 2008) (quotation marks omitted). "The court must consider, based on the record before the administrator at the time its decision was made, whether the court would reach the same decision as the administrator." Id. Only if the district court concludes the plan administrator's decision was wrong does it proceed to the remaining steps. Tippitt, 457 F.3d at 1232. If the district court determines that the administrator's decision was correct, the inquiry ends. Id. The claimant bears the burden to prove that she is entitled to benefits. Horton v. Reliance Standard Life Ins. Co., 141 F.3d 1038, 1040 (11th Cir. 1998).

Here, the district court determined de novo that Broadspire's decision to deny Taylor short term disability benefits was correct and, thus, did not reach the other steps, including the precise standard of review to apply. On appeal, "we consider, as the district court did, whether the decision . . . was 'wrong.'" Glazer,

524 F.3d at 1247.[6] In so doing, "[w]e are limited to the record that was before [the plan administrator] when it made its decision." Id.

After reviewing the administrative record, we agree with the district court that Broadspire's denial of Taylor's application for short term disability benefits was not wrong.[7] Taylor failed to provide sufficient medical information to establish she was disabled. As the reviewing medical specialists indicated, Dr. White-Williams's physician statement and August 24 office visit notes do not contain the kind of qualitative or quantitative medical information needed to determine Taylor's functional limitations on her ability to work. Indeed, Dr. White-Williams's records are superficial and conclusory.[8]

We also reject Taylor's argument that the district court (and the plan administrator before it) imposed an objective medical evidence standard not required under the plan. Although Broadspire's denial letters referred, inter alia,

_____

[6]We review de novo a district court order granting summary judgment. Glazer, 524 F.3d at 1245.

[7]On appeal, Taylor does not challenge the district court's conclusion that she was ineligible for long term disability benefits, and we do not address it further.

[8]Because we, like the district court, conclude that Broadspire's decision to deny short term disability benefits was not wrong, we do not reach the question whether Broadspire had a conflict of interest such that the heightened arbitrary and capricious standard of review should apply. Accordingly, we need not address the import of Metropolitan Life Insurance Co. v. Glenn, ___ U.S. ___, 128 S. Ct. 2343 (2008), which addressed when a plan administrator is acting under a conflict of interest.

11

to the lack of "objective data," it is clear from a review of the entire record that, as the initial denial letter stated and the district court found, Broadspire's denial of benefits "was ultimately based not on a lack of such [objective] evidence, but because '[t]he doctor failed to provide examination findings to substantiate functional impairments of a severity to support your inability to perform any type of work, with or without appropriate medical restrictions from 8/6/04.'" (Second alteration added). The short term disability plan required Taylor to provide "satisfactory evidence" of disability, which she failed to do. Accordingly, Broadspire was correct in denying Taylor short term disability benefits, and the district court properly granted summary judgment to defendants.

**B.    Motion to Remand**

Taylor argues that the district court erred in refusing to remand the case so she could submit additional medical records.

We have held that a district court reviewing the denial of ERISA benefits "should limit its review to consideration of the material available to [the plan administrator] at the time it made its decision." Jett v. Blue Cross & Blue Shield of Ala., Inc., 890 F.2d 1137, 1140 (11th Cir. 1989). While the district court has some discretion to remand to allow the plaintiff to supplement the administrative record, see id., the district court is not required to do so in every case. Here,

12

Broadspire repeatedly advised Taylor during the administrative appeal process that she needed to provide supporting medical documentation and identified in detail the kinds of evidence needed. Taylor did not provide any of this documentation, although it was available to her.[9] On appeal Taylor describes this evidence as "new." However, almost all of these medical records predated her claim for benefits and all predated the completion of the administrative appeals process and thus were not new evidence. As the summary plan description indicates, Taylor was required to "[p]rovide all necessary and appropriate information regarding [her] condition" and to "furnish satisfactory evidence of [her] disability." Thus, as the district court noted, Taylor had the burden to provide all relevant medical information to Broadspire in support of her claim.

Despite the fact that all three denial letters made it clear that Taylor's short term disability claim was being denied because she failed to provide sufficient medical records, Taylor made no attempt to supplement the administrative record until: (1) eight months after she filed suit in federal court and after defendants

_____

[9]Although Taylor claimed that she could not afford to copy her medical records because they were too voluminous, her motion to remand identified only 62 pages of additional medical records she wished to submit for review. A review of these documents, which Taylor attached to her motion for partial summary judgment, reveals that many of them are not medical treatment records, but medical payment and insurance records, and some are duplicates. Less than half of the 62 pages are treatment notes or other medical documentation of the kind Broadspire listed in its denial letters.

13

moved for summary judgment, and (2) over three years after her claim had been denied for lack of evidence. Under the circumstances, we cannot say the district court's denial of Taylor's motion to remand was reversible error.[10]

**AFFIRMED.**

---

[10]This Court need not address under what standard we review a district court's denial of a motion to remand an ERISA case to supplement the administrative record because, under either a de novo or abuse of discretion standard of review, the district court did not err in declining to remand the case to the plan administrator.