[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14275
Non-Argument Calendar
_____

D.C. Docket No. 4:12-cv-00306-WTM-GRS

CHARLIE LEE BLAKE,

Plaintiff - Appellant,

versus

UNION CAMP INTERNATIONAL PAPER,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(August 6, 2015)

Before MARCUS, WILLIAM PRYOR and JILL PRYOR, Circuit Judges.

PER CURIAM:

Charles Lee Blake appeals *pro se* the district court's order denying as moot his motion, filed after the close of discovery, to compel the additional production of documents from Defendant-Appellee Union Camp International Paper ("Union Camp"), following the district court's grant of summary judgment in favor of Union Camp in Blake's action to recover pension benefits under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132.  On appeal, Mr. Blake argues that the district court abused its discretion in denying his motion to compel.  After careful review, we affirm.

## I.

Mr. Blake filed a complaint against Union Camp, alleging that he was entitled to and wrongfully denied pension benefits from ERISA plans to which he contributed while he was an employee of Union Camp from 1973-1980.  A magistrate judge issued a scheduling order limiting discovery to the materials that had been before the ERISA plan administrator at the time it made its decision to deny Mr. Blake's claim for benefits.  The scheduling order provided that fact discovery would close on December 10, 2013.  Union Camp produced the entire administrative record, accompanied by an affidavit certifying that the record contained everything that was before the plan administrator.  Mr. Blake filed his motion to compel additional documents on December 23, 2013, noting that Union Camp had not made "a good faith effort to respond to Plaintiff's request" for plan

2

documents, a summary plan description, an "Individual Benefits Report," and collective bargaining agreements.  Mot. to Compel, Doc. No. 36, at 1; Doc. No. 35. Union Camp filed a motion for summary judgment contemporaneously with its opposition to Mr. Blake's motion to compel.

The magistrate judge recommended that the district court grant Union Camp's motion for summary judgment because the evidence before the ERISA plan administrator unambiguously demonstrated that, at the relevant time (the end of Mr. Blake's employment), employees became vested and eligible for pension benefits after 10 years of service.  Because Mr. Blake had not worked for Union Camp for 10 years, he was not fully vested in his retirement plan when he left his employment at Union Camp, and thus he was not entitled to claim any benefits.

The magistrate judge also denied Mr. Blake's motion to compel because: (1) the motion was untimely, (2) the scheduling order limited Mr. Blake to the administrative record, and (3) Mr. Blake failed to certify that he made a good faith effort at resolving the dispute with opposing counsel.  The district court adopted the magistrate judge's opinion, granted Union Camp's motion for summary judgment, and dismissed all pending motions as moot.  This appeal followed.[1]

---

[1] Mr. Blake's notice of appeal asked this Court "to reverse the Summary Judgment from US District Court."  Notice of Appeal, Doc. No. 72.  But Mr. Blake's appellate briefs present no argument that the district court erred in granting Union Camp summary judgment.  We deem the issue abandoned on appeal and review only Mr. Blake's argument that the district court abused its discretion in denying his motion to compel. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam) ("While we read briefs filed by *pro se* litigants liberally, issues not

II.

We review a district court's discovery rulings for an abuse of discretion. *Harrison v. Culliver*, 746 F.3d 1288, 1297 (11th Cir. 2014) ("The [d]istrict [c]ourt has broad discretion under Federal Rule of Civil Procedure 26 to compel or deny discovery."). We will not disturb a district court ruling for abuse of discretion so long as the court stayed within a "range of choice[s]" and has not made a clear error of judgment or applied the wrong legal standard. *Id.* Further, "we will not overturn discovery rulings unless it is shown that the [d]istrict [c]ourt's ruling resulted in substantial harm to the appellant's case." *Id.* (internal citation omitted).

A district court reviewing a denial of ERISA benefits where, as here, the plan administrator is granted broad discretionary authority,[2] applies an arbitrary and capricious standard of review. *Cagle v. Bruner*, 112 F.3d 1510, 1517 (11th Cir. 1997). In such a review, the district court should limit discovery to the evidence that was before the plan administrator when it denied the claim for benefits. *Jett v. Blue Cross & Blue Shield of Ala., Inc.*, 890 F.2d 1137, 1140 (11th Cir. 1989). The district court is limited to "the facts as known to the administrator at the time the decision was made." *Glazer v. Reliance Standard Life Ins. Co.*, 524

---

briefed on appeal by a *pro se* litigant are deemed abandoned," even when the issue is referenced in the notice of appeal).

[2] The plan documents grant the plan administrator the "discretionary power and discretionary authority" to interpret the plan. *See* Retirement Plan of Int'l Paper Co., Doc. No. 38-2, at 66-67.

F.3d 1241, 1246 (11th Cir. 2008).  By contrast, where a district court has expanded discovery in an ERISA review beyond the administrative record, we have characterized that discovery as "expansive" and have noted that it "falls in line with a *de novo* review," not an arbitrary and capricious review.  *Capone v. Aetna Life Ins. Co.*, 592 F.3d 1189, 1196 (11th Cir. 2010).

### III.

Here, Mr. Blake cannot show that the district court abused its discretion in denying his motion to compel discovery.  The district court did not apply an incorrect legal standard; instead, the court properly limited discovery to the evidence that the ERISA plan administrator had before it in making its decision regarding Mr. Blake's benefits.  Nor did the district court make a clear error of judgment in denying the motion.  Union Camp produced the entire administrative record and certified that the record included everything that had been compiled for the administrator's review of Mr. Blake's claim.  This production ensured that the district court had before it all the facts known to the administrator when the administrator made its decision.  *See Jett*, 890 F.2d at 1139.  Nothing else that Mr. Blake could have discovered was relevant.  Thus, it was within the court's "range of choice" to conclude that the additional discovery requested would not change the evidence before the court.  The district court's denial of Mr. Blake's motion to compel additional documents was not an abuse of discretion.

But even if Mr. Blake could show that the district court made a clear error of judgment, he has not demonstrated that the district court's denial of his motion to compel substantially harmed his case.  The evidence showed, as the plan administrator concluded, that Mr. Blake's pension never vested because he worked for less than the requisite 10 years before he left his job at Union Camp. Therefore, the additional documents he requested would not have changed the district court's decision regarding his benefits claim, and denial of the motion could not have harmed his case.

The district court did not abuse its discretion in denying Mr. Blake's motion to compel additional discovery.[3]  We affirm.

**AFFIRMED.**

---

[3] Because we may affirm the district court's judgment on any ground, *see Turlington v. Atl. Gas Light Co.*, 135 F.3d 1428, 1433 n.9 (11th Cir. 1998), we need not reach the issue of whether the district court erred in denying the motion as untimely or for failure to certify a good faith effort to resolve the discovery dispute.