[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 19-11798
Non-Argument Calendar

————————————————

D.C. Docket No. 6:16-cv-02061-CEM-DCI

KIA KAVIANI, D.M.D.,

Plaintiff-Appellee,

versus

RELIANCE STANDARD LIFE INSURANCE COMPANY,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Florida

————————————————

(January 31, 2020)

Before MARTIN, JORDAN, and NEWSOM, Circuit Judges.

PER CURIAM:

Dr. Kia Kaviani sued Reliance Life Insurance Company ("Reliance"), the administrator of his disability insurance plan, alleging it acted unreasonably by denying his request for benefits.  The district court agreed with Kaviani.  So do we.

## I.

### A.

On April 20, 2012, Dr. Kia Kaviani, a dentist employed by Greenberg Dental, was involved in an automobile accident when the car he was driving was hit from behind.  Two days after the accident, Kaviani went to the emergency room for neck and back pain and was diagnosed with cervicalgia.  An MRI taken in May 2012 revealed disc bulging, herniation, and mild stenosis in certain of Kaviani's vertebrae.  Over the next three years, Kaviani was seen by Dr. Richard Smith, an orthopedic surgeon, for neck pain radiating to his shoulder, arms, hands, and fingers, weakness, numbness, tingling, and restless sleep.  He was also treated by Dr. Mark Sharfman, a neurologist, for headaches with neck and back pain.  Reliance acknowledges that Kaviani's treatment immediately after the accident and throughout the rest of 2012 was "significant."

Despite continued pain, headaches, and other side effects stemming from the accident, Kaviani continued to practice dentistry.  In June 2015, he had another MRI.  Kaviani also told Dr. Smith that his pain was making it difficult for him to perform his job as a dentist without dropping his tools.  Dr. Smith administered a

2

muscle strength test and reported seventeen readings that were 5/5 (i.e., normal) and three that were 4/5.  Kaviani's neurological examination was also normal.  Nevertheless, Dr. Smith recommended that Kaviani change occupations.  On July 10, 2015, Kaviani submitted his resignation to Greenberg Dental, effective August 10, 2015; he worked through August 7.

Kaviani submitted his claim for long-term disability ("LTD") benefits to Reliance on August 14, 2015.  To qualify for benefits under the Reliance policy, Kaviani had to be totally disabled—defined in the policy to mean unable to perform the material duties of his regular occupation—for 180 consecutive days (the "Elimination Period").

In support of his claim, Kaviani submitted a Physician's Statement by Dr. Smith that Kaviani could not "continue [his] current occupation" due to neck pain, tingling, and numbness.  Dr. Smith's statement also cited Kaviani's June 2015 MRI, which showed cervical herniated nucleus pulposus/disc bulges, and which Smith indicated meant Kaviani would likely need a cervical discectomy soon. Kaviani also submitted a questionnaire about his daily activities in which he wrote:

> [T]he pain that I suffer as the result of the spinal injury in my neck is severe and does not allow me to perform my job as a dentist properly. The posture I have [to] be in to do dentistry makes my condition worse. I am unable to do proper treatment on patients.

As part of its review of Kaviani's claim, Reliance facilitated two analyses of Kaviani: an occupational analysis by John Zurick, a rehabilitation specialist; and a

3

medical examination by Dr. Dan Gerstenblitt.  Dr. Gerstenblitt reported that Kaviani's pain was self-reported and subjective and that Kaviani's June 2015 MRI was "unimpressive and essentially a normal study."  Dr. Gerstenblitt also noted, however, that Kaviani had trouble grasping and a reduced range of neck motion, and that there could be patient safety issues if he continued in his job.  Nevertheless, Dr. Gerstenblitt said Kaviani had no "objective neurological deficits and his MRI is benign," so "there is no basis for him to be out of work."  On March 10, 2016, Reliance denied Kaviani's claim for LTD benefits.  Reliance's denial was based on Dr. Gerstenblitt's report and its own independent review of the record.

Kaviani appealed Reliance's denial on August 25, 2016.  Kaviani submitted additional records in support of his appeal, which documented: continued neck and arm pain, with and without pain medication; cervical spasms and upper extremity numbness and tingling; and grip strength that showed his inability to safely perform his essential job functions.  He also included statements from physicians and colleagues attesting to his physical infirmities.

In reviewing Kaviani's appeal, Reliance had Dr. James Butler conduct a medical assessment of Kaviani's file.  Dr. Butler said that Kaviani would need cognitive behavioral therapy in order to be "a safe dentist" and that it was difficult to say Kaviani could do "his full work."  Dr. Butler also attested that Kaviani was

4

capable of "at least sedentary work" and later added that "[w]ith a dearth of objective impairments, there is nothing to show that he cannot do sedentary or light work on a full time basis." Dr. Butler noted Kaviani's complaints of pain, but because he would have pain in his neck "[w]hether he sits at home or whether he works" Kaviani's contention that he is unable to work based on the neck pain "is not supported." According to Dr. Butler, Kaviani's functional capacity evaluation ("FCE") report, which Kaviani submitted in support of his appeal, was "deemed invalid" but Butler gave no information about who made that decision or why the report was deemed invalid. Reliance denied Kaviani's appeal on November 8, 2016.

## B.

Kaviani filed this action in federal court on November 25, 2016. Kaviani claimed he satisfied all conditions to be eligible to receive his LTD benefits and that Reliance's refusal to pay the benefits was unlawful. He requested the unpaid LTD benefits, plus interest, as well as statutory attorney's fees. Reliance answered the complaint and, following discovery, the parties both moved for summary judgment.

By written order on March 27, 2019, the district court granted Kaviani's motion for summary judgment and denied Reliance's motion. The court held it was unreasonable to have denied Kaviani's claim on the basis that he failed to

5

present objective evidence of his disability. The court rejected Reliance's efforts to discredit Kaviani. It expressly rejected Reliance's argument that Kaviani should not be taken seriously because he "has not presented a neatly-packaged explanation as to why he could no longer work in August 2015 when he had presumably been in pain since the motor vehicle collision in 2012." Rather, the court found that Kaviani "suffers from persistent pain that is exacerbated by stress and certain physical exertions—including exertions that are required when working as a dentist." The court found it arbitrary and capricious for Reliance to have "cherry-picked favorable evidence," including Dr. Butler's "flawed" study, "while ignoring the abundance of unfavorable medical evidence." The court also rejected Dr. Gerstenblitt's and Dr. Butler's conclusions that "pain cannot be the basis of [Kaviani's] disability because he will be in pain whether he is working or not" as contrary to the evidence. The court awarded Kaviani $313,644 in past-due benefits and interest, and $100,000 in attorney's fees and costs. Reliance timely appealed.

## II.

Under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., a participant in a covered retirement plan may sue the plan administrator for recovery of benefits. Hamilton v. Allen-Bradley Co., 244 F.3d 819, 824 (11th Cir. 2001). "We 'review de novo a district court's ruling affirming or reversing a plan administrator's ERISA benefits decision, applying the

6

same legal standards that governed the district court's decision.'" Alexandra H. v.

Oxford Health Ins. Inc. Freedom Access Plan, 833 F.3d 1299, 1306 (11th Cir.

2016) (quoting Blankenship v. Metro. Life Ins. Co., 644 F.3d 1350, 1354 (11th Cir.

2011) (per curiam)).  "We also review de novo a district court's grant of summary

judgment." Id.  Summary judgment is appropriate if the moving party "shows that

there is no genuine dispute as to any material fact and [he] is entitled to judgment

as a matter of law." Fed. R. Civ. P. 56(a).

## III.

We have set forth a six-part test for reviewing a plan administrator's benefits

decision:

> (1) Apply the de novo standard to determine whether the claim administrator's benefits-denial decision is "wrong" (i.e., the court disagrees with the administrator's decision); if it is not, then end the inquiry and affirm the decision.
>
> (2) If the administrator's decision in fact is "de novo wrong," then determine whether he was vested with discretion in reviewing claims; if not, end judicial inquiry and reverse the decision.
>
> (3) If the administrator's decision is "de novo wrong" and he was vested with discretion in reviewing claims, then determine whether "reasonable" grounds supported it (hence, review his decision under the more deferential arbitrary and capricious standard).
>
> (4) If no reasonable grounds exist, then end the inquiry and reverse the administrator's decision; if reasonable grounds do exist, then determine if he operated under a conflict of interest.
>
> (5) If there is no conflict, then end the inquiry and affirm the decision.

(6) If there is a conflict, the conflict should merely be a factor for the court to take into account when determining whether an administrator's decision was arbitrary and capricious.

Blankenship, 644 F.3d at 1355.  Because Reliance was vested with discretion to interpret the Plan and the insurance policy, both parties agree that we should begin our analysis at step three: that is, whether Reliance's decision to deny Kaviani's claim was arbitrary and capricious.

"Normally, a decision to deny benefits is arbitrary and capricious if no reasonable basis exists for the decision."  Levinson v. Reliance Standard Life Ins. Co., 245 F.3d 1321, 1325–26 (11th Cir. 2001) (alteration adopted and quotation marks omitted); see Yochum v. Barnett Banks, Inc. Severance Pay Plan, 234 F.3d 541, 544 (11th Cir. 2000) (per curiam) ("[T]he 'arbitrary and capricious' standard . . . is analogous to an abuse of discretion standard.").  The question is not whether the court or anybody else would reach a different conclusion from the plan administrator, but rather whether the record reasonably supports the administrator's decision.  See Turner v. Delta Family-Care Disability & Survivorship Plan, 291 F.3d 1270, 1273 (11th Cir. 2002).  Whether the administrator had a reasonable basis for its denial of benefits is "based upon the facts as known to the administrator at the time the decision was made."  Jett v. Blue Cross & Blue Shield of Ala., Inc., 890 F.2d 1137, 1139 (11th Cir. 1989).  The

claimant bears the burden of proving he is disabled. Glazer v. Reliance Standard Life Ins. Co., 524 F.3d 1241, 1247 (11th Cir. 2008).

A.

Reliance first claims the district court made improper credibility determinations. However, we read the district court's order as faulting Reliance for its refusal to accept Kaviani's complaints of pain when the evidence supported his claims of pain. In particular, Reliance took issue with the fact that Kaviani did not file for LTD benefits until three years after the accident; did not receive treatment from Dr. Smith in the year-and-a-half preceding his June 2015 visit with Smith; and continued to work for thirty days after giving notice of his resignation. In rejecting Reliance's arguments that these facts were dispositive of Kaviani's complaint, the district court did not decide that Kaviani was, in fact, credible. Rather, the district court held that these reasons for rejection were insufficient to overcome the uncontroverted evidence showing that that Kaviani's condition became progressively worse and that he was likely practicing dentistry in an unsafe manner. And the district court also cited to precedent from our Court and others holding that disability is not disproved by the fact that a claimant continues to work. This type of analysis satisfies an arbitrary and capricious standard of review. See Oliver v. Coca Cola Co., 497 F.3d 1181, 1197 (11th Cir.) ("By denying Oliver's claim on the ground that he had not provided 'objective' evidence

9

of his pain, despite Oliver's submission of uncontroverted medical evidence of the only sort available to prove his disability . . . Coca-Cola engaged in capricious decision making."), vacated in part on other grounds, 506 F.3d 1316 (11th Cir. 2007).

Reliance also cites these "time-related issues" as evidence that Kaviani has not proved his disability. Reliance's brief is full of citations to inapposite out-of-circuit authority.[1] Yet nowhere does it grapple with our Circuit precedent establishing that an employee's "attempt to work does not forever bar [his] collection of sickness disability benefits." Marecek v. BellSouth Telecomms., Inc., 49 F.3d 702, 706 (11th Cir. 1995). Nor does Reliance show that the objective medical evidence supports its view of the facts. The district court was correct to reject Reliance's speculation in favor of evidence showing that Kaviani was experiencing debilitating disability in the period leading up to his resignation from Greenberg Dental. See Brown v. Blue Cross & Blue Shield of Ala., Inc., 898 F.2d 1556, 1566 n.11 (11th Cir. 1990) ("Good faith requires an honest effort to ascertain

---

[1] Reliance also attempts to distinguish Hawkins v. First Union Corp. Long-Term Disability Plan, 326 F.3d 914 (7th Cir. 2003), and Nieves v. Prudential Insurance Co. of America, 233 F. Supp. 3d 755 (D. Ariz. 2017), both of which the district court cited in rejecting Reliance's arguments on this point. While those cases are, in certain respects, factually distinguishable from Kaviani's, neither court relied on the distinguishable facts when holding that "disability is not disproved by the mere fact that the claimant found a way to continue working." Nieves, 233 F. Supp. 3d at 761; see Hawkins, 326 F.3d at 918 (holding that there is no "logical incompatibility between working full time and being disabled from working full time"). The objective medical evidence here proves Kaviani was disabled.

10

the facts upon which its exercise must rest and an honest determination from such ascertained facts." (quotation marks omitted)), overruled on other grounds by Metro. Life Ins. Co. v. Glenn, 554 U.S. 105, 128 S. Ct. 2343 (2008).

B.

Next, Reliance defends its decision to give short shrift to the FCE report and a neurophysiologic pain profile report by Dr. David Ross, an independent medical examiner ("IME"), both of which Kaviani submitted in support of his internal appeal. Reliance argues that the timing and content of these reports means they should carry less weight. We reject this argument.

The FCE report showed that Kaviani has below-functioning reaching and handling in his upper extremities, as demonstrated by his grip strength, shoulder strength, and endurance to repetitive hand use. Based on the FCE report as well as his own independent examination, Dr. Ross's IME report concluded that Kaviani has chronic pain syndrome that rendered him unable to perform his work obligations safely, even with further treatment. Reliance says the FCE report is unreliable because it was produced after the Elimination Period ended and that the IME report is problematic because Dr. Ross did not review Kaviani's treatment records or address an EMG test that seemed to disagree with his findings.

Reliance is correct that the FCE report is not relevant insofar it does not provide evidence of Kaviani's disability during the Elimination Period. Nothing in

11

the FCE report itself discusses Kaviani's condition during the relevant time period. The FCE report <u>could</u> have been relevant on its own had Kaviani pointed us to any aspects of the report consistent with findings of disability during the Elimination Period, but he has not done so.[2]

That said, the FCE report was examined by Dr. Ross after Ross performed his IME report. Dr. Ross noted that the findings in the FCE Report "confirm[ed] and extend[ed]" Ross's own independent findings. What were those findings? That, contrary to Dr. Gerstenblitt's report, Kaviani was totally disabled. Dr. Ross noted this finding was "correct[ly]" made by Dr. Smith in June 2015. Reliance does not challenge the IME report on timeliness grounds, instead arguing that "Dr. Ross's ultimate opinion of total disability cannot be reconciled with his own testing." But the key finding Reliance points to—Dr. Ross's note that Kaviani was experiencing "mild myofascial pain"—is not inconsistent with Ross's other pain findings. Dr. Ross found that Kaviani's pain would increase over the course of an eight-hour workday and that this pain would prevent Kaviani from being able to "safely perform his work obligations," even with future treatment. And as the

---

[2] Nonetheless, we agree with the district court that Reliance's delay in adjudicating Kaviani's initial claim prevented him from obtaining an FCE report during the Elimination Period. Kaviani filed his claim right after his resignation. It would have made no sense for him to obtain additional medical evidence for an appeal he did not yet know would be necessary. Given that Reliance caused Kaviani's difficulty in obtaining a timely FCE report, we give less weight to its arguments on this ground.

district court pointed out, even Dr. Butler acknowledged Dr. Ross had "proven" Kaviani was in pain.

Just as Reliance was not required to give absolute deference to the findings in the FCE report and IME report, it could not discount them without a reasoned basis. See Oliver, 497 F.3d at 1198 (holding it was arbitrary and capricious for the plan administrator to rely on favorable evidence while ignoring contrary objective medical evidence in the record). Reliance acted arbitrarily and capriciously when it ignored the unfavorable findings of disability in these reports.

C.

Similarly, Reliance disagrees with the district court's conclusion that Reliance "cherry-picked favorable evidence to rely upon while ignoring the abundance of unfavorable medical evidence." According to Reliance, the evidence favorable to Kaviani was not reliable objective medical evidence at all, and even if it were it was not unreasonable for Reliance to rely on the reports by Dr. Gerstenblitt and Dr. Butler. The district court properly recognized that Reliance is permitted to deny claims "on the basis of conflicting, reliable evidence." See Oliver, 497 F.3d at 1199. But it was arbitrary and capricious for Reliance to willfully blind itself to the conflict in the evidence. See id. at 1198; Levinson, 245 F.3d at 1327 (holding that there must be "a reasonable basis for [a plan administrator's] decisions, based on the evidence known to [it] at the time"). As

13

discussed above, the IME report (and, to a lesser extent, the FCE report) was reliable medical evidence that Reliance could not ignore. That is also the case with the records from Dr. Sharfman and Dr. Smith, both of whom found that Kaviani suffered from headaches, pain in his upper extremities, and other symptoms that would make it difficult for him to practice dentistry safely.[3] Reliance does not articulate how those doctors' statements were flawed. We agree with the district court that this substantial objective evidence could not be canceled out by Dr. Gerstenblitt's unsupported conclusion that Kaviani was "self-limiting" or Dr. Butler's subjective belief that "pain is a perception" and that Kaviani was not disabled because he would be in pain regardless of whether he was sitting at home or working.

## IV.

Although a plan administrator has substantial discretion in adjudicating disability claims, it cannot ignore uncontradicted record evidence of disability. We agree with the district court that Reliance did just that when it rejected Kaviani's claim for LTD benefits. Because Reliance's denial of Kaviani's claim was arbitrary and capricious under any standard, we need not reach the question of whether Reliance was improperly motivated by self-interested financial concerns.

---

[3] Reliance also argues the district court misread a note from one of Kaviani's visits to Dr. Smith, which Reliance says shows Kaviani was not suffering from headaches as a general matter. However, Kaviani has a documented history of treatment for headaches.

14

**AFFIRMED.**