[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12569
Non-Argument Calendar
_____

D.C. Docket No. 1:08-cr-20896-MGC-3


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEVIN STEWART,
a.k.a. Doodoo,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 7, 2013)

Before PRYOR, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

Kevin Stewart appeals the district court's denial of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). In 2009, Stewart was sentenced to 120 months' imprisonment for conspiracy to distribute cocaine base in excess of 50 grams, in violation of 21 U.S.C. §§ 841(a)(1) and 846 and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On appeal, Stewart argues the Fair Sentencing Act (FSA) enacted August 3, 2010, also known as Amendment 750 to the Sentencing Guidelines, requires a sentence reduction because the FSA lowers Stewart's applicable Guidelines range. He also argues that not reducing his sentence under the FSA is an Equal Protection violation. After review,[1] we affirm.

A district court may modify a term of imprisonment in the case of a defendant who was sentenced based on a Guidelines range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582. The amendment must "have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). However, when a defendant's sentence was based on a mandatory minimum sentence, a future change to the statutory mandatory minimum sentence does not apply retroactively. *United States v. Hippolyte*, 712 F.3d 535, 542 (11th Cir. 2013).

---

[1] We review for an abuse of discretion whether the district court's decision to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2) was proper. *United States v. White*, 305 F.3d 1264, 1267 (11th Cir. 2002). We review *de novo* the district court's legal conclusions regarding the scope of its authority under § 3582(c)(2). *Id.*

2

At the time of Stewart's guilty plea, his applicable Guideline range was 140-175 months with a mandatory minimum sentence of 120 months. The district judge, after weighing the 18 U.S.C. § 3553(a) factors, decided to vary downward as much as possible and imposed the mandatory minimum sentence. Therefore, Stewart is ineligible[2] for a sentence reduction because the district court based his sentence on the mandatory minimum.

Stewart's argument that failing to apply the FSA retroactively to defendants sentenced before its effective date violates the Equal Protection Clause is foreclosed by our precedent. *See United States v. Hanna*, 153 F.3d 1286,1288-89 (11th Cir. 1998); *United States v. Byse*, 28 F.3d 1165, 1170 (11th Cir. 1994); *United States v. Sorondo*, 845 F.2d 945, 947-48 (11th Cir. 1988).[3] Additionally, the Supreme Court's decision in *Dorsey* does not support Stewart's equal protection argument because that decision does not address either equal protection

---

[2] Stewart's challenge also fails because a change to the applicable Guidelines range such as Amendment 750, which was promulgated by Congress, is outside the scope of § 3582(c)(2) because it was not a change made by the Sentencing Commission. *See United States v. Berry*, 701 F.3d 374, 377 (11th Cir. 2011). Since these changes were effectuated by Congress and not the Sentencing Commission, § 3582(c)(2) is inapplicable to Stewart's case. *Berry*, 701 F.3d at 377. Moreover, Amendment 750, which was made to apply retroactively by Amendment 759, only applies to defendants sentenced after the enactment of the FSA. *See Dorsey v. United States*, 132 S. Ct. 2321, 2326 (2012); *see also United States v. Hippolyte*, 712 F.3d 535, 542 (11th Cir. 2013). Hence, Stewart is ineligible for a sentence reduction because Amendment 750 does not apply retroactively in his case. *See Berry* 701 F.3d at 377; *Hippolyte* 712 F.3d at 542; *see also Dorsey*, 132 S. Ct. at 2326.

[3] Stewart's citation to the Sixth Circuit's contrary holding in *United States v. Blewett*, 719 F.3d 482 (6th Cir. 2013), *reh'g en banc granted and opinion vacated*, (6th Cir. July 11, 2013), does not change the binding nature of our decisions. *See United States v. Lawson*, 686 F.3d 1317, 1319 (11th Cir. 2012).

or defendants sentenced before the FSA's enactment. *See generally Dorsey v. United States*, 132 S. Ct. 2321 (2012).

The district court did not abuse its discretion in denying Stewart's motion for a sentence reduction.

**AFFIRMED.**